UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA COLQUITT, | Case No. EDCV 04-1429 (JTL) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |

On November 22, 2004, Barbara Colquitt ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of plaintiff's application for social security disability and supplemental security income benefits. On December 22, 2004, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on May 24, 2005, defendant filed an Answer to Complaint. On July 27, 2005, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

///

**BACKGROUND**

On November 18, 2002, plaintiff filed an application for widow's insurance benefits. (Administrative Record ["AR"] at 240-42). The Commissioner denied plaintiff's application for benefits both initially and upon reconsideration. (AR at 19-24, 27-32).

On June 21, 2003, plaintiff filed an application for social security disability insurance benefits. (AR at 48-50). In her application, plaintiff claimed that, beginning on June 28, 2002, coronary artery disease prevented her from working. (AR at 56). The Commissioner denied plaintiff's application for benefits both initially and upon reconsideration. (AR at 226-31, 232-37). On June 10, 2003, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 33).

On February 23, 2004, the ALJ conducted a hearing in San Bernardino, California. (AR at 263-288). Plaintiff appeared at the hearing with counsel and testified. (AR at 265-87). On April 13, 2004, the ALJ issued his decision denying benefits. (AR at 14-18). In his decision, the ALJ concluded that plaintiff suffered from a severe impairment involving her cardiovascular system. (AR at 15). According to the ALJ, however, this impairment did not meet or equal any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1. (Id.). The ALJ also found that, based upon plaintiff's residual functional capacity, plaintiff retained the capacity to perform light work, including her past work as a charities' coordinator, retail store checker, and school photographer's assistant. (AR at 17). Ultimately, the ALJ found that plaintiff was not disabled pursuant to the Social Security Act. (Id.).

On May 3, 2004, plaintiff filed a request with the Appeals Council for review of the ALJ's decision. (AR at 8). Upon review of plaintiff's request, the Appeals Council affirmed the ALJ's decision. (AR at 5-7).

**PLAINTIFF'S CONTENTIONS**

Plaintiff makes the following claims in the parties' Joint Stipulation:

1. The ALJ failed to properly consider the opinion of disability submitted by the treating physician.

2. The ALJ failed to properly consider the testimony of plaintiff's friend.

**STANDARD OF REVIEW**

The Court reviews the ALJ's decision under 42 U.S.C. § 405(g) to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible //

of more than one rational interpretation, the ALJ's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

## DISCUSSION

**A.      The ALJ's Consideration of the Treating Physician's Opinion**

Plaintiff asserts that the ALJ failed to give proper consideration to the opinion of plaintiff's treating physician, who assessed limitations excluding plaintiff from her past work. This alleged failure to address the treating physician's assessment, she argues, constitutes error.

An ALJ should place greater weight on a treating physician's opinion than that of an examining and non-examining physician. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995)("It is clear that more weight is given to a treating physician's opinion than to the opinion of a non-treating physician because a treating physician 'is employed to cure and has a greater opportunity to know and observe the patient as an individual.'")(quoting Magallenes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989); see also Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987).  While an ALJ may disregard a treating physician's opinion even when no other medical evidence contradicts that opinion, the ALJ must present clear and convincing reasons for doing so.  See Andrews, 53 F.3d at 1041; see also Montijo v. Secretary of Health and Human Services, 729 F.2d 599, 601 (9th Cir. 1984). When the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject the treating physician's opinion without providing specific and legitimate reasons supported by substantial evidence in the record. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); see also Saelee v. Chater, 94 F.3d 520 (9th Cir. 1996).

Specific and legitimate reasons can be set forth by a "detailed and thorough summary of the facts and conflicting clinical evidence, stating [the ALJ's] interpretation thereof, and making findings." Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998). More than just rendering conclusions, the ALJ must set forth interpretations and explain why his interpretations, rather than the physician's, are correct. Id.

On December 4, 2003, plaintiff's treating physician, a physician at the Arrowhead Westside Family Health Center in San Bernardino, California, completed a Medical Opinion Re: Ability to Work-Related Activities form regarding plaintiff. (AR at 222-24). The treating physician opined that plaintiff could not lift more than ten pounds on an occasional basis, could stand and walk with normal breaks for two hours, and could sit with normal breaks for approximately six hours during an eight-hour day. (AR at 222). The doctor further opined that plaintiff needed to lie down at unpredictable intervals approximately three to four times during a work shift and that plaintiff's impairments would cause her to be absent from work more than three times per month. (AR at 223, 224).

The ALJ characterized the treating physician's opinion as "entirely exaggerated in its limits." (AR at 16). First, the ALJ noted that the treating physician did not offer any explanation or diagnosis that supported the limitations. (Id.). Second, the ALJ determined that the assessment was "obviously prepared in response to claimant's request for 'disability papers'" and was "an egregious accommodation by the preparer to his patient." (Id.). Finally, the ALJ determined that in light of the "paucity of clinical findings and the diagnostic evidence of an adequate left ventricular ejection

5

fraction," the treating physician's assessment was not supported by the medical evidence. (AR at 16).

### 1. Lack of Objective Clinical Findings

The ALJ gave limited weight to the treating physician's opinion, citing a lack of explanation or diagnosis for the degree of limitation he alleged. (AR at 16). The Ninth Circuit permits an ALJ to rely on an absence of objective findings to reject a treating physician's opinion. Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (inadequate clinical findings provide specific and legitimate basis for ALJ to reject treating physician's opinion); Buckhart v. Bowen, 856 F.2d 1335, 1339 (9th Cir. 1988) (proper to disregard uncontroverted treating physician's opinion when he fails to provide objective descriptions of medical findings); cf. Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988) (improper to reject treating physician's opinion where he provided at least some objective observations and laboratory and x-ray testing in addition to subjective opinions).

Nevertheless, an ALJ may not reject a treating physician's opinion for lacking supporting clinical data or explanation without first re-contacting the physician to determine whether such supporting clinical data exists. In particular, 20 C.F.R. 404.1512(e)(1), in pertinent part, states:

> We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must

6

|   |   |
|---|---|
| 1 | be resolved, <u>the report does not contain all the</u> |
| 2 | <u>necessary information, or does not appear to be</u> |
| 3 | <u>based on medically acceptable clinical and</u> |
| 4 | <u>laboratory diagnostic techniques</u>. |

20 C.F.R. 404.1512(e)(1) (emphasis added). Thus, unless an ALJ complies with his duty to re-contact the treating physician, an ALJ cannot validly cite a lack of clinical data or explanation to reject the treating physician's opinion. <u>See</u> <u>Cleveland v. Apfel</u>, 99 F. Supp. 2d 374, 380 (S.D.N.Y. 2000) (remanding case to ALJ for failure to re-contact treating physician before rejecting opinion and stating, "When the opinion submitted by a treating physician is not adequately supported by clinical findings, the ALJ must attempt, <u>sua</u> <u>sponte</u>, to develop the record further by contacting the treating physician to determine whether the required information is available"); <u>see also</u> <u>Corey v. Barnhart</u>, 2002 WL 663130, at *5 (S.D. Ind. March 14, 2002) ("The ALJ discredited Dr. Ciulla's opinion because of the lack of objective findings, and there is no indication in the record that the ALJ recontacted Dr. Ciulla to find out whether he had any findings or other information to support his opinion. The ALJ's failure to do so was error.").

Here, the ALJ erred in rejecting the treating physician's opinion based on a conclusion that there was no explanation or diagnosis to support the physician's opinion. First, in responding to a question asking what medical findings supported his assessment, the treating physician responded "DM," or diabetes mellitus, in his report. (AR at 224). Second, if the treating physician's explanation was inadequate, the ALJ should have attempted to re-contact the physician to determine whether any data or other evidence existed to support his opinion.

7

The Commissioner argues in response that the ALJ did not need to re-contact the treating physician because he found that the opinion was unsupported by the medical records. The fact that other medical records did not support the treating physician's opinion does not address whether the treating physician, himself, had adequate support for his conclusions. Plaintiff also points out that at the end of the hearing, the ALJ asked plaintiff's attorney if there was "anything else." (AR at 287). This general inquiry is not sufficient to satisfy the ALJ's duty to re-contact the treating physician to obtain further evidence.

**2.  Bias of the Treating Physician**

The ALJ also found that the treating physician assessed significant functional limitations on plaintiff as "an egregious accommodation by the [physician] to his patient." (AR at 16). "[I]n the absence of other evidence to undermine the credibility of a medical report, the purpose for which the report was obtained does not provide a legitimate basis for rejecting it." Reddick, 157 F.3d at 726; see also Lester v. Chater, 81 F.3d 821, 832 (9th Cir. 1995) (purpose for which medical report is obtained is not legitimate basis for rejecting it as report procured by claimant is entitled to no less weight than report procured by Commissioner: "The Secretary may not assume that doctors routinely lie in order to help their patients collect disability benefits") (quotation omitted); cf. Saelee, 94 F.3d at 522-23 (rejecting treating physician's opinion that was created at request of claimant because doctor's opinion letter varied from his treatment notes and "was worded ambiguously in an apparent attempt to assist [the claimant] in obtaining social security benefits"). Although an ALJ may consider the purpose for which an opinion was

8

solicited, he cannot rely solely upon the purpose behind the opinion to reject the opinion. <u>Reddick v. Chater</u>, 157 F.3d at 726 ("Evidence of the circumstances under which the report was obtained and its consistency with other records, reports, or findings could, however, form a legitimate basis for evaluating the reliability of the report.").

Here, in rejecting the treating physician's opinion, the ALJ also erred in concluding that the treating physician's opinion was merely an accommodation to plaintiff. Unlike <u>Saelee</u>, nothing in the record suggests that the treating physician worded his opinion to merely assist plaintiff. Nor does the ALJ cite to any evidence indicating as much. Thus, the ALJ's speculation that the treating physician was improperly motivated in his assessment of plaintiff's functional limitations does not constitute sufficient grounds for rejecting the treating physician's opinion.

**3. Assessment Contradicted by Medical Evidence**

The ALJ also found that the limitations assessed by the treating physician were inconsistent with plaintiff's medical records. (AR at 16). While the physician limited plaintiff's ability to sit, stand, or walk, opined that plaintiff needed to lie down frequently, and determined that she would miss work frequently, the ALJ found that the clinical findings in the record were not consistent with such limitations. (<u>Id.</u>).

A treating physician's opinion is not conclusive as to either functional limitations or the ultimate issue of disability. <u>See Andrews v. Shalala</u>, 53 F.3d 1035, 1041 (9th Cir. 1995). The proper weight that an ALJ should give to a treating physician's opinion depends on whether sufficient data supports the opinion and whether

9

1  the opinion comports with other evidence in the record. See 20 C.F.R.
2  §§ 404.1527, 416. 927.

3  Here, the medical findings in the record do not contradict the treating physician's assessments and arguably support them. For instance, an echocardiogram conducted by Ashia Mukherjee, M.D., on June 28, 2002, revealed that plaintiff suffered from mild concentric left ventricular hypertrophy. (AR at 120). On July 11, 2002, Dr. Mukherjee examined plaintiff and found her "left anterior descending artery, in its midportion, has an 80% stenosis. The first diagonal has an ostial 70% lesion, however, this diagonal is a small vessel." (AR at 189). On January 22, 2003, Peterson Tsai, M.D., R.E.S., assessed plaintiff with Diabetes 2, hypertension that was "still not well controlled," and high cholesterol. (AR at 156). On April 15, 2003, Dr. Tsai diagnosed plaintiff with a major episode of depression and diabetes with nephropathy. (AR at 168). In his most recent evaluation on February 18, 2004, however, Dr. Tsai assessed plaintiff with Diabetes 2, but found her heart disease to be stable. (AR at 154, 176). While plaintiff's heart condition was last diagnosed as stable, the medical evidence was not so overwhelming as to support the ALJ's decision to reject the treating physician's assessment without re-contacting him first. Moreover, the objective findings in the record are not clearly inconsistent with the physician's assessed limitations.

**B.  Remand is Required to Remedy the Defects in the ALJ's Decision**

The choice of whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court. McAlister v. Sullivan, 888

F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional proceedings would remedy the defects in the ALJ's decision, and where the record should be developed more fully. McAlister, 888 F.2d at 603; Rodriquez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1990). An award of benefits is appropriate where no useful purpose would be served by further administrative proceedings, see Gamble v. Chater, 68 F.3d 319, 322-23 (9th Cir. 1995), where the record has been fully developed, see Schneider v. Commissioner of the Social Security Administration, 223 F.3d 968, 976 (9th Cir. 2000); Ramirez v. Shalala, 8 F.3d 1449, 1455 (9th Cir. 1993), or where remand would unnecessarily delay the receipt of benefits. See Smolen, 80 F.3d at 1292.

For the foregoing reasons, the Court finds remand appropriate. The reasons cited by the ALJ in support of limiting the weight of the treating physician's opinion are insufficient. On remand, the ALJ must provide specific and legitimate reasons supported by substantial evidence in the record to support his decision to reject the limitations assessed by the treating physician.[1]

///
///
///
///

---

[1] In the Joint Stipulation, plaintiff also contends that the ALJ erred in failing to consider the testimony of plaintiff's friend. As explained above, however, the ALJ's errors in rejecting the treating physician's assessment constitute sufficient reason to remand this case. Moreover, depending on the outcome of the proceedings on remand, the ALJ will have an opportunity to address plaintiff's other arguments again. In any event, the ALJ should consider all the issues raised by plaintiff in the Joint Stipulation when determining the merits of plaintiff's case on remand.

**ORDER**

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS the case for further administrative proceedings consistent with the Memorandum Opinion and Order.

DATED: December 2, 2005

                                                       /s/
                                    JENNIFER T. LUM
                                    UNITED STATES MAGISTRATE JUDGE